IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30548
Summary Calendar
_____

JERMAINE A. YOUNG,

                                        Petitioner-Appellant,

versus

CARL CASTERLINE,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-2634
--------------------
September 30, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

       Jermaine A. Young, federal inmate #85825-020, appeals the
judgment, denying his 28 U.S.C. § 2241 petition.  A jury convicted
Young of conspiracy to commit car-jacking, car-jacking, conspiracy
to commit kidnaping, kidnaping, and use of a firearm in connection
with a violent crime.  He was sentenced to concurrent terms of five
years' imprisonment, twenty-five years' imprisonment, and life
imprisonment for the car-jacking and kidnaping offenses and to a

_____

       * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

consecutive term of five years' imprisonment for the firearm offense.

Young contends that he is actually innocent of the 18 U.S.C. § 2119(2) car-jacking offense and that his petition satisfied the requirements for him to proceed under the "savings clause" of 28 U.S.C. § 2255. Young contends that he is actually innocent because the indictment alleged that the victim sustained a burn and did not allege that the victim sustained serious bodily injury. He asserts that in Jones v. United States, 526 U.S. 227 (1999), the Supreme Court held that serious bodily injury is an element of the 18 U.S.C. § 2119(2) offense. He argues that the Jones decision was not available when he appealed and filed his first 28 U.S.C. § 2255 motion and that Jones is retroactively applicable. Young argues that there is no remedy under 28 U.S.C. § 2255 that is adequate and effective to test the legality of his convictions.

We review the district court's legal conclusions de novo. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.), cert. denied, 122 S. Ct. 476 (2001). A challenge may be brought under 28 U.S.C. § 2241 to custody resulting from a federally imposed sentence if the petitioner satisfies the requirements of the 28 U.S.C. § 2255 savings clause by establishing actual innocence, that is, that he has been imprisoned for conduct that did not constitute a crime. Jeffers, 253 F.3d at 830, 831. The petitioner can show actual innocence by demonstrating that his claim is "'based on a retroactively applicable Supreme Court decision which establishes

that [he] may have been convicted of a nonexistent offense.'" Id. at 830, 831.

Young has not shown that the Jones decision is retroactively applicable. Even if Jones is retroactively applicable, Young has not shown that Jones establishes that he has been incarcerated for conduct that is not a crime. See Jeffers, 253 F.3d at 830, 831. The Jones holding has no effect on whether the facts of Young's case would support his conviction for the substantive offense of car-jacking. Jeffers, 253 F.3d at 830, 831.

On his claim that the victim's identity is in question, which is raised for the first time, Young has not argued that he is relying on a retroactively applicable Supreme Court decision, and he has not established plain error. Jeffers, 253 F.3d at 830; Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc); Robertson v. Plano City of Tex., 70 F.3d 21, 23 (5th Cir. 1995).

Young has abandoned the issues that he raised under 28 U.S.C. § 2241 in the district court concerning sentencing enhancements and the indictment's lack of a specific charge on the 18 U.S.C. § 2 offense. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, Young has not made the showing required to challenge his convictions under 28 U.S.C. § 2241. Jeffers, 253 F.3d at 830, 831. The judgment of the district court is AFFIRMED.