IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40659
Summary Calendar

_____

DENNIS CHAN LAI,

Petitioner-Appellant,

versus

ERNEST CHANDLER, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-122
--------------------
October 10, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Dennis Chan Lai, federal prisoner # 82124-011, has filed a petition for habeas relief under 28 U.S.C. § 2241, challenging his 1988 convictions and sentences for participating in a continuing criminal enterprise, distributing and possessing with intent to distribute cocaine, traveling interstate in aid of racketeering, and possessing illegal weapons. Because Lai is proceeding under 28 U.S.C. § 2241, he does not need a certificate

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of appealability.  Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.), cert. denied, 122 S. Ct. 476 (2001).

In order to challenge his conviction under 28 U.S.C. § 2241, Lai must show that 28 U.S.C. § 2255 provides him with an inadequate or ineffective remedy.  Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).  Lai asserts that Apprendi v. New Jersey, 530 U.S. 466 (2000), should be applied retroactively to his case because the failure to allege drug quantities in the indictment constitutes a jurisdictional error.  Apprendi does not apply retroactively to cases on collateral review.  Wesson v. United States Penitentiary, Beaumont, Tex., ___ F.3d ___ (5th Cir. Sept. 5, 2002, No. 01-41000), 2002 WL 31006173 at *3.  Moreover, a violation of the rule set forth in Apprendi does not show that Lai was convicted of nonexistent offense.  Id. at 4; Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Lai asserts that he is actually innocent of the continuing criminal enterprise because the district court did not instruct the jury that they must unanimously agree on the three predicate offenses.  This claim does not satisfy the first prong of the Reyes-Requena test.  Jeffers, 253 F.3d at 830.

Lai asserts that he is entitled to proceed based on "newly recognized Federal right[s]" set forth in various Supreme Court cases and in amendments to the Federal Rules of Evidence.  None of these establishes that the conduct undertaken by Lai no longer constitutes a federal offense.  See Reyes-Requena, 243 F.3d

at 904.  The district court's denial of relief on Lai's 28 U.S.C.

§ 2241 petition is AFFIRMED.