IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41421
Summary Calendar
_____

CHARLES DAVID TEAFATILLER,

                                        Petitioner-Appellant,

versus

JONATHAN DOBRE, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-505
--------------------
January 29, 2003

Before JOLLY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Charles David Teafatiller, a federal prisoner (# 02520-063), appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. In 1997, Teafatiller was convicted of, inter alia, engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848, and was sentenced to a total of 30 years in prison. Teafatiller argues that the district court erred in dismissing his petition as improperly filed under 28 U.S.C. § 2241 and in concluding that he had not shown that

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

28 U.S.C. § 2255 provided an "inadequate" and "ineffective" postconviction remedy.

The district court concluded that Teafatiller's claims were not properly brought under 28 U.S.C. § 2241. Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). A 28 U.S.C. § 2241 petition is not a "substitute" for a motion under 28 U.S.C. § 2255, and a "[§] 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

Although Teafatiller could proceed under 28 U.S.C. § 2241 if he demonstrated that 28 U.S.C. § 2255 relief was "inadequate or ineffective" under the latter statute's "savings clause," Robinson has failed to make such a showing. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (to proceed under "savings clause," petitioner must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion); Jeffers v. Chandler, 253 F.3d 827, 829-31 (5th Cir.), cert. denied, 534 U.S. 1001 (2001). The judgment of the district court is AFFIRMED.

Teafatiller's request for an en banc hearing is DENIED. See FED. R. APP. P. 35(a).