REVISED - December 18, 2000

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-41461

GARLAND JEFFERS,

Petitioner-Appellant,

VERSUS

ERNEST CHANDLER, Warden, U.S. Penitentiary,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas

November 27, 2000

Before DUHÉ and PARKER, Circuit Judges, and LINDSAY[1], District Judge.

PER CURIAM:

This case requires us to address the following issue of first impression in this Circuit: May a federal prisoner utilize the "savings clause" of 28 U.S.C. § 2255 for a successive motion if his claim is based on a Supreme Court decision handed down after he has been convicted and sentenced and after he has exhausted his opportunities for post conviction relief?  Persuaded by the decisions in similar matters by several circuits, we conclude that,

---

[1]District Judge of the Northern District of Texas, sitting by designation.

under the facts of this case, he can.  Accordingly, we reverse the district court and remand for consideration of the merits of the claim.

FACTS AND PROCEDURAL HISTORY

Garland Jeffers was convicted of engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848.  He was sentenced to life imprisonment to be served consecutively to a 15-year sentence for a prior conviction for conspiring to distribute heroin and cocaine.  See United States v. Jeffers, 532 F.2d 1101, 1105 (7th Cir. 1976), aff'd in part and vacated in part, 432 U.S. 137 (1977).  The Supreme Court affirmed Jeffers's conviction but vacated his cumulative fines.  Jeffers v. United States, 432 U.S. 137, 157-58 (1977).  Jeffers then filed several unsuccessful § 2255 motions in the Seventh Circuit.

Jeffers also filed an unsuccessful § 2241 petition challenging his CCE conviction in the Middle District of Pennsylvania.  The Third Circuit affirmed.  Jeffers then filed a § 2241 petition attacking his CCE conviction in the Eastern District of Texas where he is incarcerated.  The magistrate judge recommended that it be construed as a § 2255 motion and denied as time-barred and as a successive motion filed without this court's permission. The district court adopted the magistrate judge's Report and Recommendation over Jeffers's objections and dismissed the case. This court denied Jeffers a certificate of appealability.

Jeffers then filed a petition for a writ of habeas corpus,

2

invoking § 2241, in the Eastern District of Texas. Relying on Richardson v. United States, 526 U.S. 813 (1999), Jeffers argued that his CCE conviction resulted from constitutionally deficient jury instructions. In Richardson, the Supreme Court concluded that a jury in a CCE case must unanimously convict the defendant on each of the specific violations that make up the alleged continuing series of violations. Richardson, 526 U.S. at 824. Jeffers contends that the jury instructions given at his trial did not include instructions requiring the jury to do this. He conceded that the Richardson decision did not announce a new rule of constitutional law but merely applied settled principles to new facts but contends that Richardson should be applied retroactively under the second exception of Teague v. Lane, 489 U.S. 288, 312-316 (1989).

Jeffers contends that he may raise his Richardson claim in a § 2241 petition because the § 2255 remedy is inadequate and ineffective because he was unable to raise his claim in his prior § 2255 motions because the Richardson decision was not in existence at the time, and, thus, he had no reasonable opportunity to obtain earlier judicial correction of the alleged defect in his conviction. He also contends that because of the intervening Richardson decision, he can now show that he is actually innocent of the CCE charge because he was never found guilty beyond a reasonable doubt on the continuing series of drug violations element of the charge.

The district court denied Jeffers's § 2241 petition, finding

3

that Jeffers failed to show that § 2255 relief was inadequate or ineffective. The district court, noting that some other circuits have held that § 2241 relief may be available to a federal prisoner seeking to attack his conviction in certain limited instances, found that this was not one of those instances. The court found that to allow Jeffers to bring his claim in a § 2241 petition would render the restrictions regarding successive § 2255 motions meaningless and allow Jeffers to circumvent the intent of the Antiterrorism and Effective Death Penalty Act. Id. at 87.

Jeffers filed a timely notice of appeal and a request for a COA. The district court denied Jeffers's request for a COA.

DISCUSSION

Standard of Review

Because he is proceeding under § 2241, Jeffers need not obtain a COA. See Ojo v. INS, 106 F.3d 680, 681-82 (5th Cir. 1997); see also 28 U.S.C. § 2253. In an appeal from the denial of habeas relief, this court reviews a district court's findings of fact for clear error and issues of law de novo. See Moody v. Johnson, 139 F.3d 477, 480 (5th Cir. 1998).

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Relief under this section is warranted for errors that occurred at trial or sentencing. Id.

Section 2241 is correctly used to attack the manner in which a sentence is executed. United States v. Cleto, 956 F.2d 83, 84

4

(5th Cir. 1992). A petition filed under § 2241 which attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion. <u>See</u> <u>Tolliver</u>, 211 F.3d at 877-78.

Nevertheless, a § 2241 petition which attacks custody resulting from a federally imposed sentence may be entertained when the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective to test the legality of his detention.[2] <u>Id</u>. at 878. A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979). A prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's second or successive requirement, does not make § 2255 inadequate or ineffective. <u>Tolliver</u>, 211 F.3d at 878.

Jeffers argues that his case is different from those in which a § 2255 litigant has been unsuccessful on the merits of his claims

---

[2] Known as the "savings clause," the fifth paragraph of § 2255 provides that:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

because he had no opportunity to obtain a judicial determination of the legality of his conviction inasmuch as the Richardson decision had not been issued when he filed his prior § 2255 motions. In support of his argument Jeffers cites several cases from other circuits which have held that the § 2255 remedy is inadequate if a prisoner is afforded no reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction or sentence, either when he is convicted, on appeal, or later when he files a motion for postconviction relief under § 2255. Id. at 2-7 (citing Wofford v. Scott, 177 F.3d 1236, 1244 & n.3 (11th Cir. 1999); In re: Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361, 363 (2d Cir. 1997); In re: Dorsainvil, 119 F.3d 245, 250-51 (3d Cir. 1997)). The cases to which Jeffers cites have held that such a circumstance might arise if, after the petitioner has been convicted and has exhausted his opportunities for postconviction relief, a court decision alters the prevailing interpretation of a statute and makes clear that the petitioner's conduct did not violate the statute. See Wofford, 177 F.3d at 1244; Davenport, 147 F.3d at 611; Triestman, 124 F.3d at 363, 380; Dorsainvil, 119 F.3d at 250-51.

Most of the cases which Jeffers cites involve prisoners who asserted that they were actually innocent of their convictions based on the Supreme Court's opinion in Bailey v. United States, 516 U.S. 137 (1995). See Davenport, 147 F.3d at 607-08; Triestman, 124 F.3d at 365-66; Dorsainvil, 119 F.3d at 246-48. In those cases, the

6

prisoners were unable to obtain review of their claims in a § 2255 motion because Bailey had been decided after they had filed their first § 2255 motions, and they were unable to meet the requirements for filing a successive § 2255 motion.  See Davenport, 177 F.3d at 607-08; Triestman, 124 F.3d at 365-66; Dorsainvil, 119 F.3d at 246-48.

In Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999), this court recognized that other circuits have allowed prisoners to use the "savings clause" of § 2255 to raise a Bailey claim in a § 2241 petition.  However, this court has not directly addressed whether the § 2255 remedy is inadequate if a prisoner is afforded no reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction or sentence because his claim is based on a court decision which was issued after the prisoner had been convicted and had exhausted his opportunities for postconviction relief.

Courts have narrowly defined the circumstances under which a petitioner is entitled to seek § 2241 relief based on the savings clause.  Some courts have held that relief under § 2241 should be limited to cases in which the petitioner's claim is based on a retroactively applicable Supreme Court decision which overrules circuit law that was existing at the time the claim should have otherwise been raised.  See Wofford, 177 F.3d at 1244-45; Davenport, 147 F.3d at 611.  Others have indicated that relief should be available under § 2241 only if failure to hear a prisoner's claim

7

would result in a serious constitutional question, or if the petitioner can make an effective claim of factual or legal innocence.  <u>Triestman</u>, 124 F.3d at 377-80.  Other courts have suggested that § 2241 may be invoked only when a fundamental defect exists in the criminal conviction and that defect cannot be corrected under § 2255.  <u>Cooper v. United States</u>, 199 F.3d 898, 901 (7th Cir. 1999).

Jeffers makes a meritorious argument that his remedy under § 2255 is inadequate.  He contends, based on <u>Richardson</u>, that the jury instructions were fundamentally defective and that he is actually innocent of the CCE conviction. Jeffers was not afforded a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction on the issue he now raises, either when he was convicted, on appeal, or later when he filed his § 2255 motions since the <u>Richardson</u> decision had not been issued.

Accordingly, we reverse and remand for consideration of the merits of Appellant's jury charge claim.

REVERSED and REMANDED.

8