IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30346
Summary Calendar
_____

FLOYD DAVIS,

                                        Petitioner-Appellant,

versus

CARL CASTERLINE,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-2629
--------------------
August 9, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Floyd Davis, federal prisoner # 09819-042, appeals the district court's denial of his 28 U.S.C. § 2241 petition. He argues that he should have been allowed to bring his claim, that the district court was required to instruct the jury that it must find drug quantity beyond a reasonable doubt pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), in a 28 U.S.C. § 2241 petition, via the savings clause of 28 U.S.C. § 2255.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To trigger the savings clause of 28 U.S.C. § 2255, a habeas petitioner's claim (1) must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first [28 U.S.C.] § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Davis's Apprendi claim does not meet the first of these requirements. Even assuming Apprendi is retroactively applicable on collateral review, Apprendi does not establish that Davis was convicted of and sentenced for "a nonexistent offense." Jeffers v. Chandler, 253 F.3d 827, 831 (5th Cir.), cert. denied, 122 S. Ct. 476 (2001).

The district court's judgment dismissing Davis's habeas corpus petition is AFFIRMED. Davis's motion to recall this court's 1995 mandate in Davis's prior criminal appeal is DENIED.

AFFIRMED; MOTION TO RECALL MANDATE DENIED.