IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41051
Conference Calendar
_____

RUBEN CHAPA-IBARRA, SR.,

Petitioner-Appellant,

versus

ERNEST CHANDLER, Warden, United
States Penitentiary; UNITED STATES
OF AMERICA,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-897
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:*

Ruben Chapa-Ibarra, Sr., federal prisoner #64530-080, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. Chapa-Ibarra asserts that, pursuant to the "savings clause" of 28 U.S.C. § 2255, he is entitled to assert in a habeas corpus petition his claim based on Richardson v. United States, 526 U.S. 813, 815-16 (1999). Chapa-Ibarra

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that he was not found guilty of every element of his continuing criminal enterprise offense because the jury was not properly instructed under Richardson that it was required to unanimously agree on which specific acts constituted his continuing series of violations. As Chapa-Ibarra does not challenge his convictions on any of the other grounds raised in his 28 U.S.C. § 2241 petition, those claims have been waived. See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

To trigger the savings clause of 28 U.S.C. § 2255, a habeas petitioner's claim: (1) must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first [28 U.S.C.] § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Because Chapa-Ibarra's arguments do not amount to a claim that he was convicted for conduct that did not constitute a crime, he has failed to satisfy the first prong of the savings clause test. See Jeffers v. Chandler, 253 F.3d 827, 830-31 (5th Cir.), cert. denied, 122 S. Ct. 476 (2001). The district court's judgment dismissing Chapa-Ibarra's habeas corpus petition is AFFIRMED.