IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30397
Summary Calendar
_____

MICHAEL L. MONTALVO,

Petitioner-Appellant,

versus

CARL CASTERLINE,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-2499
--------------------
August 29, 2002

Before GARWOOD, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Michael Montalvo, federal prisoner # 87224-012, is serving a life sentence following a jury conviction of conducting a continuing criminal enterprise, a violation of 21 U.S.C. § 848. He appeals the district court's denial of his 28 U.S.C. § 2241 petition and argues that the district court erred in determining that his alleged Richardson v. United States, 526 U.S. 813

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1999), error did not meet the savings clause requirements and thus could not be raised in a 28 U.S.C. § 2241 petition.

Section 2241 is used ordinarily to challenge the manner in which a sentence is being executed. Reyes-Requena v. United States, 243 F.3d 893, 900 (5th Cir. 2001). Under the "savings clause," however, if a prisoner can demonstrate that the 28 U.S.C. § 2255 remedy would be "inadequate or ineffective to test the legality of [the prisoner's] detention," he may be permitted to bring a habeas corpus claim pursuant to 28 U.S.C. § 2241 instead. See id. at 901 (quoting 28 U.S.C. § 2255).

Montalvo cannot establish that a remedy under 28 U.S.C. § 2255 is inadequate, because his Richardson argument was raised in his initial 28 U.S.C. § 2255 motion and was rejected by the sentencing court, the Eastern District of California in 2001. "A prior unsuccessful [28 U.S.C.] § 2255 motion . . . does not make § 2255 inadequate or ineffective." See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.), cert. denied, 122 S. Ct. 476 (2001). Moreover, Montalvo is precluded from re-raising his Richardson claim in a successive 28 U.S.C. § 2255 motion, because a claim presented in a prior § 2255 motion "shall be dismissed." See 28 U.S.C. §§ 2244(b)(1), 2255. His inability to meet the requirements for filing a successive 28 U.S.C. § 2255 motion also does not render 28 U.S.C. § 2255 an inadequate remedy. Jeffers, 253 F.3d at 830.

AFFIRMED.