IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30619
Conference Calendar

_____


GARY A. ZIERKE, SR.,

                                        Petitioner-Appellant,

versus

CARL CASTERLINE,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-2555
--------------------
October 29, 2002
Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Gary A. Zierke, Sr., federal inmate #01407-045, appeals the
district court's dismissal of his 28 U.S.C. § 2241 petition.
Zierke's motion to supplement the record is DENIED.

     Zierke contends that he is actually innocent and that his
petition satisfied the requirements for him to proceed under the
"savings clause" of 28 U.S.C. § 2255.  Specifically, Zierke
asserts that he should not have been indicted under 18 U.S.C.
§ 922(g) as a felon in possession of a firearm and that he should

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

not have been sentenced as an Armed Career Criminal under 18 U.S.C. § 924(e) because his civil rights were fully restored upon completion of the sentences imposed for his prior state convictions.

Zierke has abandoned the issue that he raised in the district court concerning his indictment for possession of a short-barrel shotgun and his conviction for possession of a plain shotgun by failing to assert the issue in this court. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

We review the district court's findings of fact for clear error and its legal conclusions de novo. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.), cert. denied, 122 S. Ct. 476 (2001). The district court may entertain a 28 U.S.C. § 2241 petition that challenges custody resulting from a federal sentence if the petitioner satisfies the requirements of the 28 U.S.C. § 2255 "savings clause." Jeffers, 253 F.3d at 830. To do so, a petitioner must show first that his claim is based "'on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense.'" Id. (citation omitted).

Zierke has not identified a retroactively applicable Supreme Court decision upon which he relies. Id. Accordingly, he has not made the required showing. Id. at 830, 831. The judgment of the district court is AFFIRMED.

AFFIRMED; MOTION DENIED.