IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40377
Conference Calendar
_____

DOUGLAS WAYNE BURKS,

                                        Petitioner-Appellant,

versus

ERNEST CHANDLER,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-40
--------------------
December 11, 2002

Before JOLLY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:*

    Douglas Wayne Burks, federal inmate #83737-079, appeals the

district court's dismissal of his 28 U.S.C. § 2241 petition.

Burks was convicted on a guilty plea of possession with intent to

distribute cocaine base and was sentenced to 120 months'

imprisonment and five years' supervised release.

    Burks reiterates the challenges to his conviction that he

asserted in the district court.  We review the district court's

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

legal conclusions de novo. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.), cert. denied, 122 S. Ct. 476 (2001). The district court may entertain a 28 U.S.C. § 2241 petition that challenges custody resulting from a federal sentence if the petitioner satisfies the requirements of the 28 U.S.C. § 2255 "savings clause." Jeffers, 253 F.3d at 830. To do so, a petitioner must show first that his claim is based "'on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense.'" Id. (citation omitted).

Burks has not identified a retroactively applicable Supreme Court decision upon which he relies. Id. Accordingly, Burks has not made the showing required to proceed under the savings clause of 28 U.S.C. § 2255. Jeffers, 253 F.3d at 830, 831. The judgment of the district court is AFFIRMED.