United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60947
Conference Calendar

JESUS MEJIA,

Petitioner-Appellant,

versus

KHURSHID Z. YUSUFF,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:01-CV-331-BrS
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Jesus Mejia, a federal prisoner (# 66947-079), appeals the

district court's dismissal of his petition for a writ of habeas

corpus, filed pursuant to 28 U.S.C. § 2241.

In 1995, the district court for the Northern District of

Florida imposed upon Mejia consecutive prison terms of 210 months

and 60 months for his jury-trial convictions of conspiracy to

possess marijuana with intent to distribute and possession of a

firearm during a drug-trafficking offense. Mejia has argued

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that, although the conspiracy count charged him with conspiring to violate 21 U.S.C. § 841(b)(1)(A), which applies to marijuana quantities exceeding 1,000 kilograms, he was in fact convicted under 21 U.S.C. § 841(b)(1)(B). He has thus contended that he was "actually innocent" of the conspiracy offense as charged.

The district court did not err in dismissing the petition for lack of jurisdiction. Mejia acknowledges that a collateral challenge to a conviction should ordinarily be brought under 28 U.S.C. § 2255. Mejia's substantive contention does not satisfy the requirements of 28 U.S.C. § 2255's "savings clause," so as to enable him to proceed instead under 28 U.S.C. § 2241. He has demonstrated neither that he was convicted of conduct that did not constitute a crime nor that his claims were foreclosed by circuit law at the time of his conviction or appeal. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); Jeffers v. Chandler, 253 F.3d 827, 830-31 (5th Cir. 2001).

Mejia's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2.

APPEAL DISMISSED.