**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41382
Conference Calendar

TERRY HALL DAVIS,

                                    Petitioner-Appellant,

versus

SUZANNE HASTINGS, Warden,

                                    Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:02-CV-143
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

   Terry Hall Davis, federal prisoner # 09290-002, appeals the

district court's dismissal of his 28 U.S.C. § 2241 petition

challenging his convictions for assault with intent to murder and

for carrying a firearm in relation to a crime of violence.  In

his petition, Davis argued that he was actually innocent of the

assault charge because he lacked the requisite *mens rea* and that

he was denied due process during the plea proceedings because the

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court participated in plea negotiations. Because these challenges involve errors occurring at trial, the district court properly construed the petition as a 28 U.S.C. § 2255 motion. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).

Davis contends that he is entitled to proceed under the "savings clause" of 28 U.S.C. § 2255 because he has shown he was actually innocent of the assault offense. Davis has not met his burden of showing that he meets the requirements for filing a 28 U.S.C. § 2241 petition under the savings clause of 28 U.S.C. § 2255. He has not pointed to a retroactively applicable Supreme Court decision establishing that he may have been imprisoned for conduct that was not prohibited by law. See Christopher v. Miles, 342 F.3d 378, 382 (5th Cir.), cert. denied, 124 S. Ct. 950 (2003). Davis also has not shown that his claims were foreclosed by circuit law at the time of his conviction, appeal, or prior 28 U.S.C. § 2255 motion. See id. Davis's reliance on Schlup v. Delo, 513 U.S. 298, 326-27 (1995), is unavailing; the district court did not rely on a state procedural bar to deny relief on Davis's claims. Accordingly, the judgment of the district court is AFFIRMED.