United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40372
Conference Calendar

_____

BERNARD VINCENT MONTGOMERY,

Petitioner-Appellant,

versus

UNITED STATES SENTENCING COMMISSION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CV-2-MAC-WCR
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:*

Bernard Vincent Montgomery, federal inmate #53653-146, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Montgomery asserts that his 28 U.S.C. § 2241 petition challenged the manner in which his sentence was being executed and that the district court erred by construing the petition under 28 U.S.C. § 2255. He contends that the application of the Sentencing Guidelines in the determination of his sentence constituted a violation of the Ex Post Facto Clause.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 2255, 28 U.S.C., is used to collaterally attack a federal conviction and sentence based on errors that occurred at trial or sentencing. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). Section 2241, 28 U.S.C., is used generally to challenge the manner in which a sentence is executed. Jeffers, 253 F.3d at 830. Montgomery's 28 U.S.C. § 2241 petition challenged the use of the Sentencing Guidelines, an alleged error that occurred at sentencing, and was construed properly under 28 U.S.C. § 2255. See Jeffers, 253 F.3d at 830.

The district court did not err in concluding that Montgomery's petition did not meet the requirements of the 28 U.S.C. § 2255 savings clause. See Jeffers, 253 F.3d at 830-31. Montgomery has not shown that his claims were "'based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense.'" Id. at 830 (citation omitted). Accordingly, the judgment of the district court is AFFIRMED.