**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 1, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60180
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAX V. LENARD, also known as Max Leonard,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:95-CR-132-1
--------------------

Before SMITH, STEWART, DENNIS, Circuit Judges.

PER CURIAM:[*]

Max V. Lenard, federal prisoner # 10386-042, challenges the dismissal for lack of jurisdiction of his 28 U.S.C. § 2241 petition, which the district court construed as a successive 28 U.S.C. § 2255 motion filed without proper authorization. In his petition, Lenard sought to challenge his sentence, arguing that his prior convictions were improperly used to enhance his sentence and that his counsel was ineffective in failing to object to or appeal the use of his prior convictions to enhance his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Lenard is proceeding under § 2241, he is not required to obtain a certificate of appealability (COA) to proceed on appeal. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). Additionally, because the issue of whether the district court erred in denying Lenard's § 2241 petition as an unauthorized successive § 2255 motion is resolved by Lenard's submission to this court and the record, further briefing is unnecessary. See Clark v. Williams, 693 F.2d 381, 381-82 (5th Cir. 1982).

The district court correctly construed the petition as an unauthorized successive motion under 28 U.S.C. § 2255 because Lenard was attacking the legality of his sentence rather than the manner of execution of his sentence. See Jeffers, 253 F.3d at 830. Additionally, Lenard has not shown that his case fits within the "savings clause" of 28 U.S.C. § 2255. See 28 U.S.C. § 2255; Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Accordingly, COA is denied as unnecessary; Lenard's motion for IFP is granted; and the judgment of the district court is affirmed.

DENY COA as unnecessary; GRANT IFP; JUDGMENT AFFIRMED.