United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10166
Summary Calendar
_____

INOCENCIO LARA TRUJILLO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CV-145-C
---------------------

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Inocencio Lara Trujillo, federal prisoner # 11249-179, filed a 28 U.S.C. § 2241 petition challenging his 2001 conviction for illegal reentry after deportation, a violation of 8 U.S.C. § 1326. Trujillo argued that 1996 deportation proceedings against him were constitutionally deficient and thus "to use the results of my deportation hearing in this present case to prove [the illegal-reentry] element of [§] 1326 violates my right to due process."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Concluding that Trujillo's petition amounted to a 28 U.S.C. § 2255 motion challenging his illegal-reentry conviction and that Trujillo had filed a prior § 2255 motion challenging the conviction, the district court dismissed the petition as an unauthorized successive 28 U.S.C. § 2255 motion. We review the district court's factual findings for clear error and its determinations on issues of law de novo. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).

Whereas 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal conviction and sentence, 28 U.S.C. § 2241 ordinarily is used to challenge the manner in which a sentence is being executed. Id.; Reyes-Requena v. United States, 243 F.3d 893, 900-01 (5th Cir. 2001). "A petition filed under § 2241 which attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion." Jeffers, 253 F.3d at 830.

Trujillo argues that he is entitled to proceed under 28 U.S.C. § 2241 because the only relief he seeks is judicial review of the 1996 deportations proceedings. A petition under 28 U.S.C. § 2241 for a writ of habeas corpus is a proper avenue for challenging the legality of an order of deportation. See Bravo v. Ashcroft, 341 F.3d 590 (5th Cir. 2003). However, Trujillo cites no authority for his novel assertion that a petitioner may challenge the legality of a deportation order by reentering the country without authorization and, upon being

convicted for illegal reentry, filing a petition under 28 U.S.C. § 2241 challenging the prior deportation proceedings. Moreover, Trujillo clearly challenged the illegal-reentry conviction in his petition. Trujillo never responded to the Government's motion to dismiss, nor did he otherwise challenge the Government's characterization of his petition. The district court did not err by dismissing the 28 U.S.C. § 2241 petition as an unauthorized § 2255 motion. Accordingly, the judgment of the district court is AFFIRMED. Trujillo's motion for the appointment of counsel is DENIED.

AFFIRMED; MOTION DENIED.