# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 6, 2007**

Charles R. Fulbruge III
Clerk

No. 05-10372
Summary Calendar

J.B. STELL GAINES, SR

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-2240-P

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

J. B. Stell Gaines, Sr., Texas prisoner # 843480, appeals from the district court's dismissal as frivolous of his petition invoking 28 U.S.C. § 2241. See 28 U.S.C. § 1915A. The district court recharacterized it as a petition for mandamus because Gaines was requesting that the district court issue an order directing the state courts in the performance of their duties. Because Gaines did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenge the manner in which his sentence was being executed, the district court did not err in recharacterizing Gaines's § 2241 petition as a petition for mandamus.  See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000) ("Section 2241 . . . is the proper habeas remedy for challenging the execution of a sentence.").  Nor did the district court err in then dismissing it.  See  Moye v. Clerk, De Kalb County Superior Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973) ("[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."). Gaines also argues that under Castro v. United States, 540 U.S. 375 (2003), the district court was required to notify him before recharacterizing his petition.  Gaines's reliance on Castro is misplaced, as Castro imposes a notice requirement "when a court recharacterizes a pro se litigant's motion as a first § 2255 motion."  Castro, 540 U.S. at 383.

Gaines's challenge to the district court's use of the PLRA's standard of review is unavailing.  28 U.S.C. § 1915A.

Gaines does not need a COA to appeal from the denial of either a 28 U.S.C. § 2241 petition or a petition for mandamus.  See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); § 2253(c)(1).  Gaines's request for a COA is therefore DENIED as unnecessary.

AFFIRMED.