# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 07-10028
Conference Calendar

JOHN CORNELIUS FOWLER

Petitioner-Appellant

v.

COLE JETER, Warden Federal Correctional Institution - Fort Worth

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-610

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

John Cornelius Fowler, federal prisoner # 04841-043, appeals the district court's dismissal for lack of jurisdiction of his 28 U.S.C. § 2241 petition, in which he challenged his convictions for possession with the intent to distribute crack cocaine and carrying a firearm in relation to the drug offense. Fowler argues that the district court erred in construing his § 2241 petition as a 28 U.S.C. § 2255 motion and that his claims fall within the savings clause of § 2255

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because Zedner v. United States, 126 S. Ct. 1976 (2006), should apply retroactively to cases on collateral review; because he is actually innocent of possessing crack rather than powder cocaine; and because his claim was foreclosed at the time of his trial and direct appeal.

A § 2241 petition attacking custody resulting from a federally imposed sentence may be considered only where the petitioner establishes that § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255; Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). To show that § 2255 was rendered inadequate or ineffective in his case, Fowler must show that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Zedner dealt with issues relating to the Speedy Trial Act. 126 S. Ct. at 1985-90. Because Zedner does not establish that Fowler was convicted of a nonexistent offense, we need not determine whether Zedner is retroactive or whether Fowler's claim was foreclosed when he filed his prior § 2255 motion or direct appeal. Fowler has not met the requirements for proceeding under the savings clause. The judgment of the district court dismissing Fowler's petition for lack of jurisdiction is AFFIRMED.