# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-30952
Conference Calendar

GENE POLK

Petitioner-Appellant

v.

FREDRICK MENIFEE, Warden

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CV-1309

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gene Polk, federal prisoner # 20151-039, appeals the district court's dismissal for lack of jurisdiction of his 28 U.S.C. § 2241 application, in which he challenged his convictions of conspiracy to commit a drug offense, intentional killing during a drug offense, and using or carrying a firearm in connection with a drug offense. Polk argues that his claims fall within the savings clause of 28 U.S.C. § 2255(e) because the ruling on his § 2255 motion denying his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenge based on Richardson v. United States, 526 U.S. 813 (1999), as harmless error makes § 2255 inadequate to test the legality of his sentence under Ring v. Arizona, 536 U.S. 584 (2002).

A § 2241 application attacking custody resulting from a federally imposed sentence may be considered only where the petitioner establishes that § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e); Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). To show that § 2255 was rendered inadequate or ineffective in his case, Polk must show that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

By his own admission, Polk's challenge under Richardson to the legality of his conviction was raised in his initial § 2255 motion in the Eastern District of Michigan, the district in which he was convicted and sentenced. His argument was not foreclosed under Sixth Circuit law. See Murr v. United States, 200 F.3d 895, 905-06 (6th Cir. 2000) (holding that Richardson challenges could be retroactively applied on collateral review in a § 2255 motion). That Polk brought a prior unsuccessful § 2255 motion raising this claim and that he would now not be able to meet the requirements for filing a successive § 2255 motion raising this claim does not render § 2255 an inadequate remedy. See Jeffers, 253 F.3d at 830.

Polk has also not shown that his claim that his conviction and sentence violate Ring comports with the savings clause criteria because the Supreme Court has held that Ring does not apply retroactively to cases already final on direct review. See Schriro v. Summerlin, 542 U.S. 348, 358 (2004). The

judgment of the district court dismissing Polk's application for lack of jurisdiction is AFFIRMED.