# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2010

No. 09-40568
Summary Calendar

Charles R. Fulbruge III
Clerk

STANLEY DOUGLAS POWELL,

Petitioner-Appellant

v.

JOHN B FOX,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:09-CV-129

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Stanley Douglas Powell, federal prisoner # 18209-013, is serving a 188-month sentence in Beaumont, Texas, after a jury convicted him of four counts of possession with intent to distribute crack cocaine. He appeals the denial of a 28 U.S.C. § 2241 petition asserting that the District of Colorado was without jurisdiction to convict him, that he is actually innocent, and that he has been the victim of corruption in the judicial system. Powell previously has filed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

two motions under 28 U.S.C. § 2255 and one § 2241 petition in the District of Colorado, along with a § 2241 petition in the Eastern District of Virginia.

The district court correctly determined that Powell's claims are not cognizable in a § 2241 petition. Powell may challenge his conviction under § 2241 only if he establishes that "the remedy [under § 2255] is inadequate or ineffective to test the legality of his detention." § 2255(e); *see Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)). Powell does not rely upon a retroactively applicable Supreme Court decision that establishes that he is actually innocent. Thus, he fails to demonstrate that the remedy under § 2255 is inadequate. *See Jeffers*, 253 F.3d at 830-31.

We caution Powell that any future frivolous, repetitive, or otherwise abusive filings may result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction. The judgment of the district court is AFFIRMED, Powell's motion to expedite the appeal is DENIED, and a SANCTION WARNING IS ISSUED.