# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 27, 2011

Lyle W. Cayce
Clerk

No. 10-10787
Summary Calendar

BRENDA LEE FORD,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No.4:10-CV-523

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Brenda Lee Ford, federal prisoner # 26255-077, currently is serving a prison sentence for a 1995 conviction for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. Ford filed a petition under 28 U.S.C. § 2241 arguing that the district court erred in applying

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10787

the career offender provisions of the Sentencing Guidelines under the recent decision in *Johnson v. United States*, 130 S. Ct. 1265 (2010).[1]

The district court dismissed Ford's § 2241 petition because she did not meet the requirements for proceeding under the savings clause of 28 U.S.C. § 2255 as set forth in *Reyes-Requena v. United States,* 243 F.3d 893, 904 (5th Cir. 2001). Ford has not shown that the district court erred in its judgment. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

AFFIRMED.

---

[1] We note that in *Johnson*, the Supreme Court addressed the definition of "violent felony" in the Armed Career Criminal Act, § 924(e)(1) and the extent to which a conviction of battery necessarily constituted "use of physical force" for purposes of that definition. Critically, Ford's prior convictions were not deemed "violent felonies" under the Armed Career Criminal Act. Rather, they were deemed "crimes of violence" under the Guidelines. *See* U.S.S.G. § 4B1.1.