# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 29, 2012

No. 11-50266
Summary Calendar

Lyle W. Cayce
Clerk

LAURO JOSE AGUILAR,

Petitioner-Appellant

v.

TRAVIS BRAGG, Warden, FCI La Tuna; LANCE LAUGHLIN, Warden, Adams County Correctional Institution; UNITED STATES MARSHAL, Western District of Texas,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CV-57

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges:

PER CURIAM:[*]

Lauro Jose Aguilar, federal prisoner # 04200-051, appeals the dismissal of the 28 U.S.C. § 2241 habeas petition that he filed on behalf of his adopted son Bardo Aguilar-Castro ("Bardo") seeking derivative citizenship or legal permanent resident status for Bardo. The district court held that it lacked jurisdiction to consider the petition because Aguilar had failed to show that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bardo could not prosecute the action on his own behalf, and dismissed the petition without prejudice.

Because Aguilar is proceeding under § 2241, he need not obtain a COA to pursue his appeal.[1] To bring the instant petition pursuant to § 2242 as Bardo's "next friend," Aguilar was required to provide the district court with "an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action."[2] As the "next friend" it was Aguilar's burden to "clearly to establish the propriety of his status and thereby justify the jurisdiction of the court."[3] The district court concluded Aguilar had failed to meet that burden. "In an appeal from the denial of habeas relief, this court reviews a district court's findings of fact for clear error and issues of law de novo."[4]

Aguilar alleged below that Bardo could not prosecute the action on his own behalf due to mental incapacitation caused by his marital difficulties. On appeal, he argues the district court erred by rejecting this claim as speculative merely because he did not submit a medical professional's opinion to support this claim. This argument ignores that Aguilar bore the burden of proving Bardo's incapacitation, however, and therefore does not justify reversal of the district court's judgment.[5]

Aguilar also argues that the district court erred because it presumed Bardo had access to a law library and therefore could have prosecuted the action himself. In support of that claim, he submits an affidavit from Bardo. This also does not aid the appeal. First, the affidavit does not claim Bardo was mentally

---

[1] *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

[2] *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

[3] *Id.* at 164.

[4] *Jeffers*, 253 F.3d at 830.

[5] *See Whitmore*, 495 U.S. at 164.

No. 11-50266

incapacitated, as claimed by Aguilar before the district court.  Second, this court does not consider evidence offered for the first time on appeal.[6]

In light of the lack of evidence to support Aguilar's "next friend" status under § 2242, the district court did not err by dismissing the petition for lack of jurisdiction.[7]

AFFIRMED.

---

[6] *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

[7] The district court also found it lacked jurisdiction because Aguilar filed the petition in the wrong district court and because federal courts lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B) to review immigration decisions left to the discretion of the Attorney General or Secretary of Homeland Security.  Because we conclude that Aguilar failed to present sufficient evidence of his "next friend" status under § 2242, we do not need to reach these additional grounds of dismissal in order to affirm the district court's judgment.