# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2012

Lyle W. Cayce
Clerk

No. 11-30746
Summary Calendar

CLARENCE E. CYRUS,

                        Petitioner-Appellant

v.

WILLIAM A. SHERROD,

                        Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-499

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:*

Clarence E. Cyrus, federal prisoner # 95574-071, is serving life in prison in Polluck, Louisiana, after pleading guilty in the District of South Carolina to distribution of cocaine base and conspiracy to distribute cocaine and cocaine base. He appeals the denial of a 28 U.S.C. § 2241 petition asserting that the trial court was without jurisdiction to convict him because the Government did not file a complaint in his criminal case. Cyrus previously filed a motion under 28 U.S.C. § 2255 in the District of South Carolina.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30746

Cyrus does not address whether his § 2241 petition satisfied the savings clause of § 2255. His failure to discuss the district court's basis for dismissing his claim, "without even the slightest identification of any error in [the district court's] legal analysis or its application to [his] suit . . . , is the same as if he had not appealed that judgment." *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Moreover, even if Cyrus properly briefed the relevant question, the district court correctly determined that his claim was not cognizable in a § 2241 petition. One may challenge his conviction under § 2241 only if he establishes that "the remedy [under § 2255] is inadequate or ineffective to test the legality of his detention." § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Cyrus does not rely upon a retroactively applicable Supreme Court decision that establishes that he is actually innocent. *See Jeffers*, 253 F.3d at 830–31.

The judgment of the district court is AFFIRMED.