# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2012

No. 11-10967
Summary Calendar

Lyle W. Cayce
Clerk

JOSEPH LATCHMAN,

Petitioner-Appellant

v.

KEITH HALL,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:11-CV-64

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Latchman Joseph,[1] federal prisoner # 56297-066, is serving a combined sentence of 125 months at the Eden Detention Center in Eden, Texas, after pleading guilty to conspiracy, armed bank robbery/aiding and abetting, and using and carrying a firearm during a crime of violence/aiding and abetting. *United States v. Kendrick*, No. 2:03-CR-00070-LDD-2 (E.D. Pa. May 20, 2004). He appeals the denial of a 28 U.S.C. § 2241 petition attacking his sentence on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The caption erroneously identifies Latchman Joseph as Joseph Latchman.

the ground that it was based on two un-counseled juvenile convictions that did not carry prison sentences. He also raises for the first time a claim that the Eastern District of Pennsylvania lacked jurisdiction to sentence him above the properly-calculated guidelines range. Joseph has not filed a motion challenging his conviction or sentence under 28 U.S.C. § 2255.

Joseph may challenge his sentence under § 2241 only if he establishes that "the remedy [under § 2255] is inadequate or ineffective to test the legality of his detention." § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Joseph does not rely upon a retroactively applicable Supreme Court decision that establishes that he is actually innocent. *See Jeffers*, 253 F.3d at 830-31. Instead, he claims that he does not need to satisfy the savings clause of § 2255(e) because he has a right to a meaningful opportunity to show that he is imprisoned due to an erroneous application of the law and that his detention violates the Constitution. Such an argument fails under the clear language of § 2255(e) and our precedent. *See* § 2255(e); *Jeffers*, 253 F.3d at 830-31.

The judgment of the district court dismissing the petition for want of jurisdiction is AFFIRMED. *See* § 2255(a).