# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2012

No. 12-30063
Summary Calendar

Lyle W. Cayce
Clerk

DONALD R. WILSON, SR.,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-1532

Before KING, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In September 1995, Donald R. Wilson, Sr., federal prisoner #08746-035, was convicted by jury verdict for two counts of racketeering, one count of engaging in a continuing criminal enterprise (CCE), one count of distribution of cocaine, and two counts of distribution of cocaine base. Wilson filed a § 2241 petition in district court alleging that: (1) the evidence regarding the actual substance involved in his offenses was insufficient in light of *DePierre v. United States*, 131 S. Ct. 2225 (2011); and (2) the trial court's failure to instruct the jury

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to find upon which specific violations his CCE conviction was based was erroneous in light of *Richardson v. United States*, 526 U.S. 813, 824 (1999). The district court dismissed that petition because it did not qualify for the 28 U.S.C. § 2255 savings clause and was an unauthorized § 2255 motion.

Wilson argues on appeal that his claims meet the savings clause provision of § 2255 because the Supreme Court cases upon which he is relying are retroactively applicable on collateral review and serve to void his convictions. In an appeal from the denial of habeas corpus relief, the district court's factual findings are reviewed for clear error and issues of law are reviewed de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). In *Reyes-Requena v. United States*, 243 F.3d 893, 900-04 (5th Cir. 2001), we held that in order to bring a § 2241 petition under the § 2255 savings clause, the petitioner must set forth a claim (1) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (2) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*DePierre* did not decriminalize Wilson's criminal conduct and has not been held to be retroactively applicable. Although *Richardson* is retroactively applicable, Wilson's challenge to his CCE conviction under *Richardson* does not meet the savings clause test because application of *Richardson* does not render the crime of conviction a nonexistent offense. *See Jeffers*, 253 F.3d at 830.

Wilson has not demonstrated that the district court erred in dismissing his § 2241 petition. Accordingly, the judgment of the district court is AFFIRMED.