# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2013

Lyle W. Cayce
Clerk

No. 12-40927
Summary Calendar

MICHAEL FITZGERALD WILSON,

Petitioner-Appellant

v.

JOHN FOX, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:09-CV-457

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Michael Fitzgerald Wilson, federal prisoner # 23047-077, has appealed the district court's judgment dismissing his petition for a writ of habeas corpus challenging his convictions of aiding and abetting money laundering. *United States v. Wilson*, 77 F.3d 105, 108-09 (5th Cir. 1996). Wilson contends that he was convicted of a nonexistent offense in light of the Supreme Court's opinion in *Cuellar v. United States*, 553 U.S. 550 (2008), and that the district court erred in refusing to permit him to challenge his convictions in a 28 U.S.C. § 2241

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition under the Savings Clause of 28 U.S.C. § 2255(e). *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Wilson bears the burden of showing, inter alia, that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Wilson's money laundering convictions were for violations of 18 U.S.C. § 1956(a)(1)(B)(i). *Wilson*, 77 F.3d at 108. To obtain a conviction, the Government had to prove "that Wilson (1) conducted or attempted to conduct a financial transaction, (2) which the defendant knew involved the proceeds of unlawful activity, and (3) with the intent to conceal or disguise the nature, location, source, ownership, or control of the proceeds of unlawful activity." *Id.* To satisfy the concealment requirement there must be proof that the purpose of the transaction was to conceal or disguise a listed attribute. *Cuellar*, 553 U.S. at 566-57; *see also United States v. Brown*, 553 F.3d 768, 787 (5th Cir. 2008).

This court's analysis of Wilson's three financial transactions on direct appeal was consistent with *Cuellar*, in that it focused on the reasons why the transactions were conducted rather than how they were conducted. *See* 553 U.S. at 566. The evidence supported a conclusion that Wilson's actions violated the statute because he acted with the purpose of hiding the fact that the money he used was derived from his drug trafficking activities. *See Wilson*, 77 F.3d at 109 (distinguishing *United States v. Sanders*, 929 F.2d 1466, 1470-73 (10th Cir. 1991), and quoting *United States v. Gonzalez-Rodriguez*, 966 F.2d 918, 925 (5th Cir. 1992)). His actions were designed to make it more difficult for the Government to trace and demonstrate the nature of the funds. *See Brown*, 553 F.3d at 787. Wilson has not shown that he was convicted of a nonexistent offense in light of *Cuellar*. *See Reyes-Requena*, 243 F.3d at 904. The judgment is AFFIRMED. Wilson's motion for leave to file a reply brief out of time is DENIED.