# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2013

No. 12-41059
Summary Calendar

Lyle W. Cayce
Clerk

LESLIE REDMOND,

Petitioner-Appellant

v.

JODY R. UPTON, Warden, FCC Beaumont - Medium,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-146

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Leslie Redmond, federal prisoner # 31204-177, has appealed the district court's judgment dismissing his petition for a writ of habeas corpus challenging his convictions for violations of 18 U.S.C. § 924(c)(1)(A).  Redmond contends that he was convicted of a nonexistent offense in light of the Supreme Court's opinion in *United States v. O'Brien*, 130 S. Ct. 2169 (2010), and that the district court erred in refusing to permit him to challenge his convictions in a 28 U.S.C. § 2241 petition under the Savings Clause of 28 U.S.C. § 2255(e).  *See Jeffers v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Redmond bears the burden of showing, inter alia, that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Redmond argues that his convictions are invalid because the Government failed to prove beyond a reasonable doubt that he used, carried, or brandished a firearm, an element of his convictions. In *O'Brien*, the Supreme Court held that the machine gun provision under § 924(c)(1)(B)(ii) was an element of the offense rather than a sentencing factor. *O'Brien*, 130 S. Ct. at 2173, 2180. *O'Brien* does not provide a basis for Redmond's claim, as Redmond makes no assertion that his convictions or sentences were based on the possession of a machine gun or other type of firearm proscribed in § 924(c)(1)(B)(ii). There was no dispute in *O'Brien* that the Government was required to prove as an element of an offense under § 924(c) that a firearm was used, carried, or possessed by the defendant. *O'Brien*, 130 S. Ct. at 2172. Such a requirement had been made explicit by the Supreme Court at least by its decision in *United States v. Rodriguez-Moreno*, 526 U.S. 275, 280 (1999). Redmond cannot show that he was convicted of a nonexistent offense in light of *O'Brien*. *See Reyes-Requena*, 243 F.3d at 904.

AFFIRMED.