# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10234
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2015

Lyle W. Cayce
Clerk

NICHOLAS LEE ROE,

Petitioner-Appellant

v.

RODNEY W. CHANDLER,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-721

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Nicholas Lee Roe, federal prisoner # 35307-177, appeals the denial of his 28 U.S.C. § 2241 petition, in which he argued that he was erroneously denied roughly 24 months of prior custody credit. Roe's motion to file his reply brief out of time is GRANTED.

We review the district court's factual findings for clear error and issues of law de novo. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). On

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10234

appeal, Roe argues that the Bureau of Prisons (BOP) should consider his 10-year federal sentence to run fully concurrently with his 10-year state sentence for possession of a controlled substance with intent to deliver. That state sentence ran concurrently with Roe's consecutive state sentences for burglary of a building and methamphetamine possession. The district court, however, ordered that Roe's federal sentence run consecutively to his state sentence for burglary of a building. If the federal sentence were to run fully concurrently with the 10-year state sentence, the BOP would necessarily be running the federal sentence concurrently with the two-year burglary sentence, which would be violative of the district court's judgment. Further, the record discloses that the time spent in state custody which Roe seeks to have credited towards his federal sentence was previously credited towards his state sentences. Because the period was credited against another undischarged sentence, it may not be applied toward his federal sentence. *See* 18 U.S.C. § 3585(b).

AFFIRMED.