# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2007

Charles R. Fulbruge III
Clerk

No. 06-10787
Summary Calendar

LEVI WOODERTS, JR

Petitioner-Appellant

v.

WARDEN, FEDERAL CORRECTIONAL INSTITUTION SEAGOVILLE, TEXAS

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-842

Before KING, DAVIS, and CLEMENT, Circuit Judges

PER CURIAM:[*]

Levi Wooderts, Jr., federal prisoner # 29639-077, seeks leave to proceed in forma pauperis (IFP) to appeal the dismissal of his 28 U.S.C. § 2241 petition challenging the 20-year sentence and $386,589.03 restitution order he received, after a jury trial, for conspiracy to alter or remove motor vehicle identification. The district court denied IFP, certifying that the appeal was not taken in good faith. By moving for leave to proceed IFP, Wooderts is challenging the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5). However, Wooderts has not demonstrated any nonfrivolous ground for appeal.

Wooderts argues that (1) his sentence is unconstitutional in light of United States v. Booker, 543 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000); and (2) that a 21 U.S.C. § 2255 motion is inadequate and ineffective to test the legality of his detention.

Section 2255 provides the primary means of collaterally attacking a federal sentence based on errors that occurred at or prior to sentencing. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). Because Wooderts's petition challenges errors that occurred at sentencing, it should not have been brought as a 28 U.S.C. § 2241 petition. See Padilla v. United States, 416 F.3d 424, 426-27 (5th Cir. 2005). Wooderts's argument that he is entitled to proceed under 28 U.S.C. § 2241 based on the savings clause of 28 U.S.C. § 2255 because relief under that section is "inadequate or ineffective" is unavailing. See id. at 427.

Wooderts's appeal does not involve legal points arguable on their merits, and it is therefore frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202; 5TH CIR. R. 42.2