United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 08-40146
Conference Calendar

JORGE ORTIZ SALAZAR

Petitioner-Appellant

v.

UNITED STATES OF AMERICA

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:07-CV-195

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jorge Ortiz Salazar, federal prisoner # 42899-018, pleaded guilty in 2005 in the Middle District of Florida to possession of five kilograms or more of cocaine with intent to distribute while aboard a vessel subject to U.S. jurisdiction and was sentenced to 135 months in prison. He did not appeal, and he unsuccessfully sought relief via a 28 U.S.C. § 2255 motion. He now appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The primary vehicle for challenging federal custody is a motion under § 2255. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the "savings clause" of § 2255(e) if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. Id. at 878. Under our savings clause test, Salazar must present a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Salazar's arguments regarding the jurisdiction of the sentencing court and his innocence of the offense do not satisfy the savings clause as they are not based on a retroactive Supreme Court decision demonstrating that he was convicted for conduct that did not constitute a crime. See Jeffers v. Chandler, 253 F.3d 827, 831 (5th Cir. 2001). Accordingly, the judgment of the district court is AFFIRMED.