IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-10351
Summary Calendar

NATHANIEL H. THOMAS

Petitioner - Appellant

v.

REBECCA TAMEZ

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-633

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Federal prisoner Nathaniel Thomas appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, in which he argued that in violation of the constitutional protections against double jeopardy he was convicted of conspiracy to possess cocaine base, possession with intent to distribute and distribution of cocaine base, and possession with intent to distribute and distribution of cocaine base within a thousand feet of a school. Thomas has previously appealed his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions, which we affirmed. He has also filed two 28 U.S.C. § 2255 motions in the Eastern District of Texas, where he was convicted and sentenced, which that court has denied. Thomas then filed the instant § 2241 petition in the Northern District of Texas, the district where he is in custody. We review the district court's dismissal of Thomas' § 2241 petition de novo,[1] and conclude that the district court was correct in dismissing the petition for lack of jurisdiction.

A § 2241 petition is typically used to challenge the execution of a prisoner's sentence and is properly brought in the district where the petitioner is in custody.[2] Section 2255, on the other hand, provides the means of collaterally attacking a federal conviction and sentence and must be brought in the court that sentenced the petitioner.[3] Here, after unsuccessful § 2255 motions in the Eastern of District of Texas—the court where he was sentenced—Thomas attempts to attack his conviction using a § 2241 petition in the Northern District of Texas—the district where he is in custody. Under the general rule, the district court lacked jurisdiction to hear this challenge.

However, "§ 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'"[4] The savings clause—which asks whether "the remedy by [§ 2255] motion is inadequate or ineffective"[5]—requires a petitioner to show that his claim is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that his claim was "foreclosed by circuit

---

[1] See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

[2] Christopher v. Miles, 342 F.3d 378, 381 (5th Cir. 2003).

[3] Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).

[4] Reyes-Requena v. U.S., 243 F.3d 893, 901 (5th Cir. 2001).

[5] 28 U.S.C. § 2255.

law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."[6] Thomas cannot make this showing because the Supreme Court case on which he relies, Rutledge v. United States,[7] was decided before he was tried and should have been raised in his earlier appeal and § 2255 motions. That a petitioner would face a successive petition bar under § 2255 does not establish that section's remedy as "inadequate or ineffective."[8] Accordingly, the district court was without jurisdiction to consider the petition.

Thomas further argues that the district court abused its discretion in denying his FED. R. CIV. P 59(e) motion because he alleges he never received a copy of the magistrate's report and had no opportunity to object to its findings. The motion pointed out a clerical error which the district court corrected. It did not disclose Thomas' objections to the report. The district court also found that the magistrate's report had been mailed to Thomas and had not been returned. A district court does not abuse its discretion by adopting a magistrate's report before its receipt of timely-filed objections,[9] and Thomas failed to state his objections when he had the opportunity. The district court's judgment dismissing Thomas' petition for lack of jurisdiction is AFFIRMED.

---

[6] Reyes-Requena, 243 F.3d at 904.

[7] 517 U.S. 292 (1996).

[8] Jeffers, 253 F.3d at 830.

[9] See Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634, 646 (5th Cir. 1994).