United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41736
Conference Calendar

THOMAS DURAN PRICE,

Petitioner-Appellant,

versus

R. D. MILES, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CV-181
--------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Thomas Duran Price, federal prisoner # 05324-068, was convicted of armed bank robbery and carrying and using a firearm during and in relation to a crime of violence. He appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, arguing that he qualifies for relief under the savings clause of 28 U.S.C. § 2255. Price asserts that he could not have raised the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), on direct appeal because this case was not decided until after he had filed his direct appeal. He also contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the failure to consider his claim would violate the Suspension Clause or due process.

We review the district court's findings of fact for clear error and issues of law de novo. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). Section 2255 provides the primary means for collaterally attacking a federal conviction and sentence. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective to test the legality of his detention. Id. at 878.

The Third Circuit discussed and relied on Bailey in affirming Price's conviction on direct appeal. United States v. Price, 76 F.3d 526, 528 (3d Cir. 1996). Accordingly, Price has not met his burden to show that he may proceed under the savings clause because the remedy in § 2255 is inadequate or ineffective. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Price's assertion that the failure to consider his claim violates due process or the Suspension Clause also lacks merit. See Wesson v. United States Penitentiary Beaumont, TX, 305 F.3d 343, 346-47 (5th Cir. 2002).

AFFIRMED.