**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 25, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THOMAS DURAN PRICE,

       Petitioner-Appellant,

v.

SARA M. REVELL, Warden,

       Respondent-Appellee.

No. 08-1060
(D.C. No. 1:07-cv-02701-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **BRORBY**, and **EBEL**, Circuit Judges.

---

Thomas Duran Price, a federal prisoner appearing pro se, appeals the

district court's order denying his application under 28 U.S.C. § 2241 for a writ of

habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Mr. Price was convicted in the Western District of Pennsylvania in 1995 of

armed bank robbery in violation of 18 U.S.C. § 2113(d) and carrying and using a

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). He was sentenced to 322 months' imprisonment. The United States Court of Appeals for the Third Circuit affirmed his convictions on direct appeal. *United States v. Price*, 76 F.3d 526, 530 (3d Cir. 1996).

In 2005, Mr. Price challenged his sentence by filing a "Motion to Correct Miscarriage of Justice" and a "Motion to Correct Manifest Error, or in the Alternate, Motion under Rule 35" in the sentencing court. *Price v. United States*, Nos. CIV. 05-106, CRIM. 94-221, 2006 WL 1709291, at *1 (W.D. Pa. June 20, 2006). That court determined that the motions were "untimely under [28 U.S.C. §] 2255, untimely under [Fed. R. Crim. P.] 35(a), and unavailing under Rule 35(b)." *Id.* at 3. Further, the court determined that Mr. Price's claims lacked merit if analyzed under § 2255 requirements. *Id.* at 9.

Next, apparently while incarcerated in Texas, he filed a 28 U.S.C. § 2241 petition in the United States District Court for the Eastern District of Texas. *Price v. Miles*, 209 F. App'x 442, 442 (5th Cir. 2006). The Fifth Circuit affirmed the district court's dismissal of that petition. *Id.* at 443.

Mr. Price brought the present action in federal district court in Colorado, where he is now incarcerated. His § 2241 application again challenged the validity of his sentence. He alleged that it is "excessive and unreasonable in lieu of *Rita v. United States*, [551 U.S. 338 (2007)]" and the "enhancements [he] received on basis of prior convictions were improper under [the]

functional consolidation rule" of *Buford v. United States*, 532 U.S. 59 (2001). R., Vol. I, Doc. 3, at 3.

In its order, the Colorado district court explained the differences between a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which "attacks the execution of a sentence . . . and must be filed in the district court where the prisoner is confined," and a motion pursuant to 28 U.S.C. § 2255, which "attacks the legality of detention and must be filed in the district that imposed the sentence." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (quotations and alteration omitted). It then concluded that Mr. Price's remedy is under § 2255 because the alleged errors occurred during Pennsylvania sentencing proceedings. And Mr. Price did not demonstrate "extremely limited circumstances" in which the § 2255 remedy was inadequate or ineffective. *Id.* The fact that he "may be barred from filing a second or successive motion pursuant to § 2255 in the sentencing court does not establish that the remedy provided in § 2255 is inadequate or ineffective." *Id.* The district court therefore denied the § 2241 application and dismissed the case. Mr. Price appeals and also seeks to proceed in forma pauperis.

After reviewing de novo the district court's denial of the § 2241 application, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996), and giving Mr. Price's pro se filings the benefit of liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we AFFIRM. Mr. Price's supplemental brief is

construed to include a motion for leave to file the brief and that motion is
GRANTED.  His motion to proceed in forma pauperis is also GRANTED.
Mr. Price is reminded that he must continue to make partial payments until the
remaining filing fee is paid in full.

Entered for the Court


Bobby R. Baldock
Circuit Judge