# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 19, 2010

Lyle W. Cayce
Clerk

No. 09-10736
Summary Calendar

ROGELIO HERRERA-ISAIS,

Petitioner-Appellant

v.

NFN JUSTICE, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CV-104

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rogelio Herrera-Isais (Herrera), federal prisoner # 64049-079, appeals the dismissal of his 28 U.S.C. § 2241 petition by the district court for the Northern District of Texas. In his petition, Herrera argued that his 262-month sentence for conspiring to possess with intent to deliver marijuana and cocaine imposed in the Southern District of Texas was unconstitutional pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court observed that Herrera's claim should have been brought in a 28 U.S.C. § 2255 motion in the Southern

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

District of Texas and dismissed the § 2241 petition without prejudice for lack of jurisdiction.

Because Herrera is proceeding under § 2241, he is not required to obtain a COA to pursue his appeal. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). In reviewing the denial of habeas relief, the district court's factual findings are reviewed for clear error, and its legal conclusions are reviewed de novo. *Id.*

"A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration . . . ." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). By contrast, § 2255 is the appropriate vehicle to attack the legality of the prisoner's sentence. *Id.* A § 2241 petition cannot substitute for a § 2255 motion. *Id.* at 452. A § 2241 petition must be filed in the district where the prisoner is incarcerated, while a § 2255 motion "must be filed in the sentencing court." *Id.* at 451. Despite these principles, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the "savings clause" of § 2255 if the petitioner establishes that the remedy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Herrera does not argue that his § 2241 petition qualified for review under the savings clause of § 2255, nor does he contend that the district court had jurisdiction to construe his petition as a § 2255 motion. Although he asserts that he made allegations in his § 2241 petition regarding the manner in which his sentence has been executed, he did not, in fact, do so. We decline to consider these allegations for the first time on appeal. *See Yohey v. Collins*, 985 F.2d 222, 225, 227 (5th Cir. 1993). The district court did not err by dismissing his § 2241 petition for lack of jurisdiction. *See Pack*, 218 F.3d at 451-53.

AFFIRMED.