**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 22, 2011

Lyle W. Cayce
Clerk

No. 11-50361
Summary Calendar

THOMAS JACKSON MADDOX,

Petitioner-Appellant

v.

WARDEN CLAUDE MAYE,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CV-160

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Thomas Jackson Maddox, federal prisoner # 53686-019, appeals the dismissal of his challenge under 28 U.S.C. § 2241 to the 188-month sentence imposed following his conviction for possession of a firearm by a convicted felon.  *See* 18 U.S.C. § 922(g)(1).  That sentence was enhanced because Maddox was found to be an armed career criminal based on his three prior convictions for violent felonies, including a concealed-weapon conviction.  *See* 18 U.S.C. § 924(e).  The district court sua sponte dismissed the case without

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prejudice to the extent that it claimed relief under § 2241 and for lack of jurisdiction to the extent that it could be construed as seeking relief under the savings clause 28 U.S.C. § 2255.     Maddox claims that his sentence was improperly enhanced on the basis of a conviction for a crime—carrying a concealed weapon—that he deemed not to be "a crime of violence."  In support of that contention he cites, inter alia, *Begay v. United States*, 553 U.S. 137, 141-47 (2008).  He thus asserts that he merits relief under § 2241 on the ground that he was actually innocent of the career offender sentencing enhancement.

Section 2255 is the primary authority for a collateral attack on a federal sentence, and § 2241 is the proper procedural vehicle for challenging the manner in which a sentence is executed.  *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005).  As Maddox "attacks errors that occur[red] at trial or sentencing," § 2255, and not § 2241, provides the correct statutory basis for his plea for relief.  *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).  The district court had no jurisdiction to grant Maddox relief under § 2255, however, as a § 2255 motion must be filed in the sentencing court—here, the Middle District of Alabama.  *See* § 2255(a); *Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001).

The savings clause of § 2255(e) would authorize Maddox to proceed in a habeas corpus action under § 2241, however, if he were able to demonstrate that no adequate or effective relief was attainable by a motion to vacate, correct, or set aside his sentence under § 2255.  *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  Unlike a § 2255 motion, a § 2241 application is properly filed "in the district of the prisoner's incarceration," *Reyes-Requena*, 243 F.3d at 895 n.3—here, the Western District of Texas.

"[T]he inadequacy or inefficacy requirement is stringent."  *Id.* at 901.  To proceed under § 2241, Maddox was required to establish that § 2255 provides an inadequate or ineffective remedy because his claim (1) is "based on a retroactively applicable Supreme Court decision which establishes that [he] may

have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904. The first "factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is actually innocent," meaning that he "may have been imprisoned for conduct that was not prohibited by law." *Jeffers*, 253 F.3d at 830-31 (internal quotation marks and citation omitted). This savings-clause factor is not satisfied by an assertion that the applicant is "actually innocent" of a sentencing enhancement. *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000); *Padilla*, 416 F.3d at 427. As Maddox does not claim to be innocent of the crime for which he was convicted, he cannot satisfy both prongs of the savings clause and consequently cannot obtain habeas relief under § 2241. *See Jeffers*, 253 F.3d at 830-31*; Kinder*, 222 F.3d at 214.

The district court did not commit legal error by denying relief to Maddox under § 2241 or under § 2255's savings clause.

AFFIRMED.