# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 24, 2011

No. 10-10474
Summary Calendar

Lyle W. Cayce
Clerk

STEPHEN D. HAYNES,

Petitioner-Appellant,

versus

UNITED STATES BUREAU OF PRISONS;
WARDEN CRUZ, Warden, Federal Correctional Institute Seagoville,

Respondents-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-2046

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Stephen Haynes, federal prisoner # 87897-079, petitioned under 28 U.S.C. § 2241 to challenge the refusal of the Bureau of Prisons to give him credit for time served on state sentences that he deems "partially concurrent" to his federal sentences or, alternatively, credit for time he served in custody pursuant to a federal writ of habeas corpus *ad prosequendem*. The district court dismissed the petition. Haynes moves to proceed *in forma pauperis* ("IFP") on appeal to question the denial of IFP status and the certification that his appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3).

Haynes asserts that his appeal presents these issues: (1) the authority of the sentencing court under U.S.S.G. § 5G1.3(b) to impose concurrent or partially concurrent sentences and (2) the extent to which the sentencing court considered his undischarged state convictions when imposing his federal sentences. He asserts that the sentencing court ordered a partially concurrent sentence, that the order was valid, and that the order should be enforced by awarding him credit against his federal sentences for the prior periods of incarceration. Alternatively, he contends that he should be credited for his time in federal custody before his federal convictions.

"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). As Haynes acknowledges, the period that he served in state custody before being released on parole for good behavior—October 1998 to July 2008—was credited against his state sentences, and he was paroled by the state. Because his state time has already been credited against his state sentences, it may not—even if it were partially concurrent to the federal sentences, as Haynes contends—be credited against his federal sentences. *See id*. Moreover, the record makes plain that the sentencing court did not (as Haynes contends) intend that any and all time that Haynes spent in state prison would be credited

against his federal sentences.  The sentencing court intended instead that Haynes not serve more than a total of twenty years in both state and federal imprisonment.

To the extent that Haynes may be understood to contend that if a non-concurrent sentence was imposed it was erroneous under § 5G1.3(b), his claim is a challenge to the correctness of his federal sentences.  Haynes is not entitled to proceed under § 2241 on such a claim unless he can demonstrate that relief is warranted under the savings clause of 28 U.S.C. § 2255(e), which he has failed to do.

Haynes has not briefed his alternative contention that he should be credited for his time in federal custody on the federal writ *ad prosequendum*.  He has therefore abandoned that claim.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

To proceed IFP on appeal, a movant must first show that he is a pauper and that he appeals in good faith, i.e., that the appeal presents a nonfrivolous issue. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  An appeal is frivolous if it "lacks an arguable basis in law or fact." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001).  Haynes has not shown that his appeal presents a nonfrivolous issue.  Accordingly, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Carson*, 689 F.2d at 586; 5TH CIR. R. 42.2.