**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 3, 2012

Lyle W. Cayce
Clerk

No. 11-10324
Summary Calendar

CESAR LOPEZ SANCHEZ,

Petitioner-Appellant

v.

REBECCA TAMEZ, Warden, FCI-Forth Worth,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-968

Before KING, JOLLY, and SMITH, Circuit Judges.

PER CURIAM:[*]

Cesar Lopez-Sanchez, federal prisoner # 58575-054, appeals the district court's denial of his 28 U.S.C. § 2241 petition.  Lopez-Sanchez argues that the district court erred in finding that he was not entitled to credit against his 140-month sentence for conspiracy to distribute and to possess with intent to distribute cocaine, imposed on September 26, 2008, for time he served on his three-year state sentence prior to the imposition of the federal sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In reviewing the denial of habeas relief, the district court's findings of fact are reviewed for clear error and issues of law are reviewed de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). A federal sentence commences to run on the date that a person is received at the penitentiary or jail for the service of his sentence. *Blackshear v. United States*, 434 F.2d 58, 59 (5th Cir. 1970). A defendant is given credit toward his term of imprisonment for any time he spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence." 18 U.S.C. § 3585(b).

There is no dispute that Lopez-Sanchez received 564 days credit on the federal sentence for the period from March 12, 2007, through September 25, 2008. The issue is whether he was entitled to credit on the federal sentence for time he served on the state sentence prior to March 11, 2007, in light of the district court's imposition of the 140-month federal sentence to be served concurrently with the sentence imposed in the California case. Section 3585(b) does not mandate that he be given credit against his 140-month sentence for that time. Even it intends to do so, a district court does not have the authority under § 3585(b) to order a federal sentence to run absolutely concurrently with a prior sentence. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) .

To the extent that Lopez-Sanchez argues that he is entitled to the credit on the federal sentence because the district court in essence applied U.S.S.G. § 5G1.3 at sentencing, this argument is unavailing. Although the district court imposed the 140-month sentence to run concurrently with the state sentence, the district court did not expressly refer to § 5G1.3(b), and Lopez-Sanchez has not argued that either the parties or the presentence report mentioned § 5G1.3(b). Moreover, the district court did not state in imposing sentence that Lopez-Sanchez should receive credit for the time he had served on the state sentence prior to the imposition of the federal sentence. Although in his reply brief Lopez-Sanchez argues that the sentencing court found that "relevant conduct existed between the charges" and that the federal conspiracy arose from the state

conduct, the only record evidence he cites in support of this assertion is the sentencing court's statement at sentencing that the three-year state term of imprisonment "was also out of drug charges," which does not constitute a finding that the state conduct was considered by the court to be relevant conduct. *See* § 1B1.3. Lopez-Sanchez does not point to anything else in the record supporting his assertion that the state offense was considered relevant conduct for purposes of § 1B1.3; moreover, he does not argue that the state offense formed the basis for an increase in the offense level. *See* § 5G1.3(b). The sentencing transcript does not reflect that the district court intended that "any and all time that [Lopez-Sanchez] spent in state prison would be credited against his federal sentence[]." *Haynes v. U.S. Bureau of Prisons*, 413 F. App'x 779, 779 (5th Cir. 2011), *cert. denied*, 2011 WL 5902505 (Nov. 28, 2011) (No. 11-6993).

Lopez-Sanchez has failed to show that the district court erred on any point of law or was clearly erroneous in any finding of fact in denying his claim for habeas relief under § 2241. *See Jeffers*, 253 F.3d at 830. Accordingly, the judgment of the district court is AFFIRMED.