# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 22, 2012

Lyle W. Cayce
Clerk

No. 11-11162
Summary Calendar

ANTHONY DEAN SINGLETON,

> Petitioner - Appellant

v.

ERIC HOLDER, US Attorney General; KAREN EDENFIELD, Warden,

> Respondents - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CV-181

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Anthony Dean Singleton, federal prisoner # 03482-025, proceeding *pro se* and *in forma pauperis*, challenges the dismissal, for lack of jurisdiction, of his 28 U.S.C. § 2241 petition. The dismissal is reviewed *de novo*. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

Singleton was convicted in 1996 in the District Court for the Southern District of Illinois for possession with intent to distribute, and conspiracy to distribute, cocaine base. His conviction was affirmed. *United States v. Singleton*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

125 F.3d 1097 (7th Cir. 1997). He subsequently moved to vacate his sentence pursuant to 28 U.S.C. § 2255. (The record lacks information regarding the disposition of that proceeding.)

Singleton filed the § 2241 petition at issue in the Northern District of Texas, where he is currently incarcerated. He maintained, *inter alia*, that the district court in Illinois had lacked jurisdiction over the charges for which he had been convicted. The district court under review *sua sponte* dismissed the § 2241 petition for lack of jurisdiction, concluding: Singleton sought to raise claims challenging the validity of his criminal conviction that were more properly raised in a § 2255 motion; because Singleton had been sentenced in the Southern District of Illinois, the Northern District of Texas lacked jurisdiction over Singleton's claims or to construe his § 2241 petition as a § 2255 motion; and Singleton had not shown that the § 2255 remedies were inadequate or ineffective or that he had received permission from the Court of Appeals for the Seventh Circuit to file a successive § 2255 motion.

Singleton contends that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) unconstitutionally suspends the writ of habeas corpus and, thus, his claim that his conviction violates the Tenth Amendment is cognizable in a § 2241 petition. This suspension-of-the-writ contention, however, is meritless. *Felker v. Turpin*, 518 U.S. 651, 663-65 (1996).

Singleton also maintains the convicting court lacked subject matter jurisdiction because the section of the Controlled Substances Act under which he was convicted violates the Tenth Amendment. Singleton's lack-of-jurisdiction assertion implies the invalidity of his conviction and sentence. A § 2241 petition that challenges errors at trial or sentencing is properly construed as a § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001).

Under § 2255's "savings clause", however, if a prisoner can demonstrate that the § 2255 remedy would be "inadequate or ineffective to test the legality of [the prisoner's] detention", he may be permitted to pursue a claim under

No. 11-11162

§ 2241. *Id.* at 901. The petitioner bears the burden of demonstrating that § 2255 relief would be ineffective or inadequate. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). A prior unsuccessful § 2255 motion, or the inability to meet the requirements for filing a successive § 2255 motion, does not make the § 2255 remedy inadequate. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Rather, "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion". *Reyes-Requena*, 243 F.3d at 904.

To establish that the § 2255 "savings clause" applies, Singleton relies on *Bond v. United States*, 131 S. Ct. 2355, 2366-67 (2011). *Bond*, a direct criminal appeal, has not been found, however, to apply retroactively to cases on collateral review. Moreover, *Bond*'s holding, which expressed no view on the merits of defendant's Tenth Amendment claim, *id.* at 2367, does not establish that Singleton may have been convicted of a nonexistent offense. *Reyes-Requena*, 243 F.3d at 904. As such, Singleton cannot show that the § 2255 remedy was inadequate.

AFFIRMED.