# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2013

No. 13-30172
Summary Calendar

Lyle W. Cayce
Clerk

LEONARD SAPP,

Petitioner-Appellant

v.

MARIA MEDINA; UNITED STATES OF AMERICA,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-1824

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Leonard Sapp, federal prisoner # 55967-004, was convicted in the Southern District of Florida of conspiracy to possess with intent to distribute crack cocaine and possession with intent to distribute crack cocaine. He was sentenced to a total of 360 months of imprisonment. Sapp filed in the Western District of Louisiana a petition pursuant to 28 U.S.C. § 2241 challenging his 360-month sentence. He asserted that he was actually innocent of the sentence because it was based on an erroneously applied career offender enhancement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30172

The district court dismissed Sapp's petition for lack of jurisdiction. Sapp now appeals the district court's dismissal, arguing that he is actually innocent of the career offender enhancement. In reviewing the denial of a § 2241 petition, we review the district court's fact findings for clear error and issues of law de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Sapp's § 2241 claim attacks the validity of the federal sentence imposed in the Southern District of Florida and, therefore, the district court lacked jurisdiction to construe his § 2241 petition as a 28 U.S.C. § 2255 motion. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Further, although Sapp contends he is actually innocent of his sentence, a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, does not warrant review under § 2241. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). Because Sapp has not demonstrated that his claim is based on a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense, the district court did not err in determining that Sapp's claim did not satisfy the savings clause of § 2255. *See Reyes–Requena v. United States,* 243 F.3d 893, 904 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.