# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41302
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2014

Lyle W. Cayce
Clerk

BYRON JAMES MILLER,

Petitioner-Appellant

v.

C. V. RIVERA, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-442

Before JOLLY, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Byron James Miller, federal prisoner # 27095-044, was convicted in the Eastern District of Missouri of conspiracy with intent to distribute crack cocaine and possession with intent to distribute cocaine. He was sentenced to a total of 292 months of imprisonment, which was reduced in 2011 to 240 months of imprisonment. Miller also was convicted in the Central District of Illinois of possession with intent to distribute heroin and possession of heroin

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41302

by a federal inmate, and he was sentenced to a total of 210 months of imprisonment, to run consecutively to the sentence imposed in the Missouri case. Miller filed a 28 U.S.C. § 2241 petition, asserting that (1) he was entitled to proceed under the savings clause of 28 U.S.C. § 2255, because he was actually innocent of the career offender sentencing enhancement applied in the Illinois case, and (2) the Bureau of Prisons (BOP) had incorrectly calculated his aggregated sentence of 450 months. The district court dismissed the petition, and Miller now appeals that decision. We review the district court's fact findings for clear error and issues of law de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Although Miller contends he is actually innocent of his sentence (i.e., that imposed by the Illinois district court), a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, does not warrant review under § 2241. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). Because Miller has not demonstrated that his claim is based on a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense, the district court did not err in determining that Miller's claim did not satisfy the savings clause of § 2255. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Miller next challenges the BOP's calculation of his 450-month aggregated sentence following the reduction in his sentence imposed by the Missouri district court. For the first time, he argues that the BOP's recalculation of his projected release date does not fully account for the 52 months by which his Missouri sentence was reduced. We need not consider this argument because it is raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Moreover,

2

No. 13-41302

even if Miller had preserved the assertion, he has not shown how the calculation of his sentence and projected release date was in error.

For the foregoing reasons, the district court's judgment is AFFIRMED. Miller's motion for the appointment of counsel is DENIED.