# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51123
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2014

Lyle W. Cayce
Clerk

JOHN LEE COCKERHAM, JR.,

Petitioner-Appellant

v.

RACHEL CHAPA, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CV-327

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

John Lee Cockerham, Jr., federal prisoner # 97305-180, appeals the denial of his 28 U.S.C. § 2241 petition. His motion to file a supplemental brief is granted.

Cockerham contends that, in view of *United States v. Santos*, 553 U.S. 507 (2008), he is actually innocent of the offense of conspiring to commit money

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

laundering.  He argues that the district court erred in determining that he could not meet the requirements of the savings clause of 28 U.S.C. § 2255(e).

In an appeal from the denial of habeas relief under § 2241, we review the district court's findings of fact for clear error and issues of law de novo.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  We may affirm the district court's judgment on any ground supported by the record.  *Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).

Section 2255 provides the primary means of collaterally attacking a federal sentence, and relief is granted for errors that occurred at trial or sentencing.  *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).  Section 2241, on the other hand, is used to challenge "the manner in which a sentence is executed."  *Id.* at 877.  A petition filed under § 2241 that raises errors that occurred at or prior to sentencing should be construed as a § 2255 motion.  *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005).  However, under the savings clause of § 2255, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention.  *Jeffers*, 253 F.3d at 830; § 2255(e).  A prior unsuccessful § 2255 motion or the inability to meet the requirements for filing a successive § 2255 motion do not render the § 2255 remedy inadequate for purposes of the savings clause.  *Tolliver*, 211 F.3d at 878.  To demonstrate that § 2255 is inadequate or ineffective, the petitioner must show that (1) his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense," and (2) his claims were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion."  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  The

No. 13-51123

petitioner has the burden of affirmatively showing that the § 2255 remedy is inadequate or ineffective. *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002).

Cockerham asserts that he could not have raised a claim based on *Santos* in a timely-filed § 2255 motion. He contends that he became aware of evidence supporting a *Santos* claim in February 2013, and as support for his contention, he points to an affidavit that uses the term "proceeds" to refer to money involved in the money laundering conspiracy.

We are not convinced that Cockerham needed the affidavit to be alerted to the existence of a claim based on *Santos*. Moreover, Cockerham could have raised a claim based on *Santos* in his direct criminal appeal, in which he was represented by counsel.

In view of the foregoing, Cockerham has not shown that his claim based on *Santos* was foreclosed by circuit law when he should have raised it, either on direct appeal or in his first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904. Accordingly, the judgment of the district court is affirmed.

AFFIRMED; MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED.