# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2015

Lyle W. Cayce
Clerk

No. 14-50636
Summary Calendar

MAURICE GOREE,

Petitioner - Appellant

v.

RACHEL CHAPA, Warden, FCI La Tuna,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CV-107

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Maurice Goree, federal prisoner # 36474-044, pleaded guilty in the United States District Court for the Eastern District of Missouri to two counts of aiding-and-abetting the armed robbery of a financial institution, in violation of 18 U.S.C. §§ 2, 2113(a) and (d), and one count of aiding-and-abetting the possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c). He filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Western District of Texas, where he is

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-50636

incarcerated.  The district court construed the petition as a 28 U.S.C. § 2255 motion and dismissed it for want of jurisdiction.  Proceeding *pro se*, Goree challenges the dismissal.

He contends *Rosemond v. United States*, 134 S. Ct. 1240 (2014), requires reversing his conviction and sentence for aiding-and-abetting the possession of a firearm in furtherance of a crime of violence.  Because Goree challenges the validity of his conviction, his petition was properly construed as a § 2255 motion.  *E.g., Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).  He has not shown his claims could be brought in a § 2241 petition under the savings clause of § 2255(e) because, even if *Rosemond* applies retroactively, he has not established his claim was foreclosed previously.  The law in the Eighth Circuit, the circuit in which he was convicted, was consistent with *Rosemond* and, in fact, was cited in *Rosemond*.  134 S. Ct. at 1249 (citing *United States v. Akiti*, 701 F.3d 883, 887 (8th Cir. 2012)).

Furthermore, Goree has not shown he was convicted of a nonexistent offense, because the record supports he had the foreknowledge required under *Rosemond* to be guilty of aiding and abetting his 18 U.S.C. § 924(c) offense. *See, e.g., Christopher v. Miles*, 342 F.3d 378, 382-83 (5th Cir. 2003).  Thus, he has not demonstrated the remedy under § 2255 was inadequate or ineffective to test the legality of his detention.  28 U.S.C. § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Accordingly, the petition was properly dismissed because the district court lacked jurisdiction over the § 2255 motion, which could be filed, if at all, in the district where Goree was sentenced.  *E.g., Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citation omitted).

AFFIRMED.