# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30734
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2016

Lyle W. Cayce
Clerk

WILLIAM BERNARD FREEMAN,

Petitioner-Appellant

v.

T. G. WERLICH, Warden, Federal Correctional Institution Pollock,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-1669

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM:[*]

William Bernard Freeman, federal prisoner # 25555-064, was convicted by a jury in the Western District of Oklahoma of one count of bank robbery, which was charged under 18 U.S.C. § 2113(a) (the robbery statute) and 18 U.S.C. § 2 (the aiding and abetting statute). He filed a petition under 28 U.S.C. § 2241 in the Western District of Louisiana, where he currently is incarcerated. In his § 2241 petition, Freeman challenged the legality of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30734

conviction in light of the Supreme Court's decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014). The district court construed the petition as a 28 U.S.C. § 2255 motion and dismissed it for want of jurisdiction. Freeman appeals the dismissal.

A prisoner may avoid the jurisdictional stricture of § 2255(a) if he demonstrates that no adequate or effective relief is attainable by motion under § 2255 and that relief under § 2241 is therefore proper. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see* § 2255(e). Unlike a § 2255 motion, a § 2241 petition must be filed "in the district of the prisoner's incarceration." *Reyes-Requena*, 243 F.3d at 895 n.3. However, "§ 2241 is not a mere substitute for § 2255[,] and . . . the inadequacy or inefficacy requirement is stringent." *Id.* at 901; *see Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003) (noting that § 2255(e) provides a narrow exception to the general rule and the applicant's burden of demonstrating § 2255's inadequacy is heavy).

The savings clause of § 2255 provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

§ 2255(e). A petitioner may file a § 2241 petition in accordance with § 2255(e) if:

> (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision; (2) the claim was previously foreclosed by circuit law at the time when it should have been raised in petitioner's trial, appeal or first § 2255 motion; and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense.

No. 15-30734

*Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (internal quotation marks, citation, and brackets omitted). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Reyes-Requena*, 243 F.3d at 903.

Here, we need not decide the issues of retroactivity and unavailability because there is no possibility that the jury convicted Freeman of a nonexistent offense. *See Christopher*, 342 F.3d at 382-83 (assuming that the petitioner could satisfy the retroactivity and unavailability prongs and denying relief on the third prong because the petitioner failed to demonstrate actual innocence). At trial, the evidence established that Freeman planned the robbery, recruited accomplices, coordinated the actions of his accomplices, and served as the getaway driver. *See Rosemond*, 134 S. Ct. at 1249 ("So for purposes of aiding and abetting law, a person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission.").

Because Freeman cannot establish that he was convicted of a nonexistent offense, he is not entitled to relief under § 2241, and the district court correctly characterized Freeman's purported habeas petition as an unauthorized successive motion to vacate under § 2255. *Pack v. Yusuff*, 218 F.3d 448, 45 (5th Cir. 2000).

AFFIRMED.